UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

SKY PARTNERS NYS LLC,                              18-23709(rdd)

                                  Debtor .                              Chapter 11

----------------------------------------------------------------X

## PLAN OF REORGANIZATION

SKY PARTNERS NYS LLC, debtor and debtor-in-possession (the "**Debtor**") proposes the following Chapter 11 plan of reorganization (the "**Plan**") pursuant to Title 11 of the United States Code:

### ARTICLE 1

### DEFINITIONS

For the purposes of this Plan, and the Disclosure Statement simultaneously filed by the Debtor, the following terms shall have the respective meanings set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires):

1. "**Administrative Expense Claim**" means a Claim for the costs and expenses of administering the Chapter 11 case allowed under Sections 503(b) or 330(a) of the Code and that are entitled to priority under Section 507(a)(2) of the Code which may include Claims pursuant to Section 506(c) of the Code, including compensation for all professional services awarded by the Bankruptcy Court.

2. "**Allowed Claim**" means a Claim timely filed before the Bar Date without being designated as contingent, unliquidated or disputed and (a) as to which no objection has been filed within the time fixed in this Plan or (b) as to which any objection that is filed has been subsequently settled, waived, withdrawn or denied by the Bankruptcy Court.

3. "**Bankruptcy Court**" means the United States Bankruptcy Court for the Southern District of New York.

4. "**Bankruptcy Schedules**" means the schedules of assets and liabilities, lists and statements of financial affairs, together with all amendments thereto filed by the Debtor pursuant to Bankruptcy Rule 1007.

5. "**Bar Date**" means May 24, 2019, at 5:00 p.m., the date by which a proof of claim is required to be filed with the Clerk of the Court.

6. "**Cash**" means cash or cash equivalents (a) of the Reorganized Debtor on hand as of the Effective Date, (b) realized from the Debtor's business operations following the Effective Date, and/or (c) contributed or loaned by the holders of Equity Interests or officers.

7. "**Claim**" shall mean a right to payment as set forth in Section 101(5) of the Code.

8. "**Claimant**" shall mean the holder of a Claim.

9. "**Code**" or "**Bankruptcy Code**" shall mean the Bankruptcy Code, Title 11 U.S.C. Section 101 et. seq. as amended from time to time and applicable to this case.

10. "**Confirmation**" means approval of this Plan by the Bankruptcy Court under 11 USC § 1129 following a hearing and notice thereof in accordance with the Code and Bankruptcy Rules.

11. "**Confirmation Date**" shall mean the date of entry of the Confirmation Order.

12. "**Confirmation Hearing Date**" means the date set by the Bankruptcy Court for the hearing on confirmation of the Plan.

13. "**Confirmation Order**" shall mean the order of the Bankruptcy Court pursuant to Section 1129 of the Code confirming the Plan.

14. "**Debtor**" means Sky Partners NYS LLC

15. "**Disputed Claim**" means:

    (a) any Claim that is listed in the Debtor's Bankruptcy Schedules as being disputed, contingent or unliquidated with respect to which no Proof of Claim has been timely filed; and

    (b) any Claim with respect to which an objection to the allowance thereof, in whole or in part, has been interposed within the applicable period fixed by the Bankruptcy Court and such Claim has not become an Allowed Claim.

16. "**Effective Date**" means the date upon which the Confirmation Order becomes a Final Order.

17. "**Equity Interests**" means the equity interest in the Debtor.

18. "**Final Order**" means an order of the Court which has not been reversed, stayed, modified or amended and as to which (a) any right to appeal or seek certiorari, review or rehearing has been waived or (b) the time to appeal or seek certiorari, review or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending.

19. "**Governmental Bar Date**" means June 24, 2019 the day by which a proof of claim is required to be filed by a governmental unit.

20. "**Impaired**" means impairment of a class of claims or Equity Interests under Section 1124 of the Code.

21. "**Petition Date**" means November 2, 2018, the date on which the Debtor filed its voluntary Chapter 11 petition.

22. "**Priority Claim**" means all claims that are entitled to priority pursuant to Section 507(a) of the Code, other than Priority Tax Claims.

23. "**Priority Tax Claim**" means all Claims that are entitled to priority pursuant to Sections 502(i) and 507(a)(8) of the Code.

24. "**Pro Rata**" means with respect to a class member, in the same proportion as the amount of such member's Allowed Claim over the total Allowed Claims in such class.

25. "**Reorganized Debtor**" means Sky Partners NYS LLC after the Effective Date.

26. "**Secured Claim**" means a Claim secured by a lien, judgment lien, mortgage or security interest on the real or personal property of the Debtor.

27. "**Secured Creditor**" means the holder of a Secured Claim.

28. "**Secured Governmental Claim**" means a Claim classified as secured by a Federal, State or local governmental unit.

29. "**Secured Lender**" means PNC Bank, National Association.

30. "**Unsecured Claim**" means an Allowed Claim that is not entitled to a priority in bankruptcy, typically held by the Debtor's unaffiliated vendors.

31. "**Unsecured Creditor**" means the holder of an Unsecured Claim.

32. "**US Trustee Fees**" means fees payable pursuant to 28 USC §1930.

All rules of construction contained in section 102 of the Code apply in the construction of the Plan.

# ARTICLE 2

## UNCLASSIFIED ADMINISTRATIVE EXPENSE CLAIMS AND U.S. TRUSTEE FEES

Pursuant to Section 1123(a)(1) of the Code, the Plan does not classify Administrative Claims, including amounts owed to the US Trustee's office, and Priority Tax Claims which would have been afforded the following treatment:

1. **Administrative Expense Claims**. All Administrative Expense Claims shall be paid on the later of the Effective Date, and entry of an order of the Bankruptcy Court allowing the same, unless otherwise agreed upon by the parties. The primary Administrative Expense Claims consist of professional fees and expenses for the Debtor's general bankruptcy counsel, Law Offices of Allen A. Kolber, Esq. Professional fees are only to be paid pursuant to approved fee applications upon notice and hearing.

2. **Priority Tax Claims.** Priority Tax Claims of governmental units are required to be paid over a period commencing on the Effective Date and ending on the date that is five (5) years from the Petition Date, in equal monthly installments bearing interest as provided in their respective proofs of claim.
The New York City Department of Taxation and Finance has filed a Priority Tax Claim #2-1 in the amount of $4,253.55, for all periods through May 31, 2019, which will be paid in full upon confirmation of the Plan.

3. **U.S. Trustee Fees**. Any unpaid US Trustee Fees and any applicable interest thereon shall be paid on the Effective Date, or immediately thereafter.

# ARTICLE 3

## CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS

1. **Class 1-Allowed Priority Claims.** Class 1 consists of all Allowed Priority Claims, other than Priority Tax Claims.

   **Treatment**-The Allowed Priority Claims, if any, shall be paid in full in cash on the Effective Date. There are not expected to be any Allowed Priority Claims, other than Priority Tax Claims which are included in this class.

   **Right to Vote**. Class 1 is not Impaired under the Plan and is not entitled to vote to accept or reject the Plan.

2. **Class 2-Secured Claims.** Class 2 consists of any Allowed Secured Claims.

   **PNC Bank Treatment-**The Allowed Secured Claim of PNC Bank, National Association shall be paid in the sum of $400,000 in cash on the Effective Date, with a 5% increase for the *Till* rate which will equal $20,000, to be paid in full in cash on the Effective Date. The Debtor has filed an appraisal valuating the property at $400,000.

   **Right to vote.** The Allowed Secured Claim of PNC Bank is Impaired and is entitled to vote.

   **NYC Office of Administrative Trials Treatment -** The Secured Claim of the NYC Office of Administrative Trials and Hearings in the sum of $8,562.73 (POC #4-1) will be paid in full on the Effective Date of Confirmation.

   **Right to vote.** The Secured Claim of the NYC Office of Administrative Trials and Hearings is not Impaired and is not entitled to vote.

3. **Class 3-Unsecured Claims.** Class 3 consists of the Allowed Unsecured Claims. The Bar Date for filing claims is May 24, 2019; and the Governmental Bar Date is June 24, 2019.

   **Treatment**-Allowed Class 3 Claims shall each be paid 10% in full on the Effective Date.

   **Right to vote.** Class 3-Unsecured Claims are not impaired and thus not entitled to vote. Class 3 claims consist of the following:

| Claimant | POC No. | Amount Claimed | Amount to be paid | Claim Allowed? | Payment |
|---|---|---|---|---|---|
| Consolidated Edison of NY, Inc.<br>Bankruptcy Group<br>4 Irving Place, 14th Fl.<br>New York, NY 10003 | 1-1 | $4,127.17 | $412.72 | Yes | $412.72 (one-time payment upon confirmation) |

| Harry Herschel Bodansky<br>27 West Maple Avenue<br>Monsey, NY 10952 | 3-1 | $15,225.00 | $15,225.00 | Yes | $1520.25<br>(one-time payment upon confirmation) |
|---|---|---|---|---|---|
| Able Maintenance Service LLC<br>1 Hillcrest Center Drive<br>Suite 310<br>Spring Valley, NY 10977 | 5-1 | $452.84 | $452.84 | Yes | $45.28<br>(one-time payment upon confirmation) |
| Elite Maintenance Services<br>1 Hillcrest Center Drive<br>Suite 310<br>Spring Valley, NY 10977 | 6-1 | $1,143.19 | $1,143.19 | Yes | $114.32<br>(one-time payment upon confirmation) |
| **TOTAL** | | **$20,948.20** | **$20,948.20** | | **$2,092.57<br>(one-time payment upon confirmation)** |

## ARTICLE 4

## IMPLEMENTATION OF THE PLAN

Payments to holders of Allowed Claims under the Plan will be made by the Debtor or Reorganized Debtor from (a) Cash of the reorganized Debtor on hand as of the Effective Date, (b) Cash realized from the Reorganized Debtor's operations following the Effective Date, (c) Cash contributed or loaned to the Debtor and/or (d) refinancing. Professional fees for services rendered by the Debtor's attorneys subsequent to the Effective Date in connection with the Plan or the Debtor's chapter 11 case, and reimbursement of expenses relating to such services may be paid by the Debtor without prior court approval, to the extent that section 1123(a)(6) of the Code is applicable.

## ARTICLE 5

## PROVISIONS GOVERNING DISTRIBUTIONS

1. **Disbursements.** All distributions under the Plan shall be made by the Debtor/Reorganized Debtor.

2. **Rights and Powers of the Debtor.** The Debtor shall be empowered to (i) execute all agreements, instruments and other documents necessary to perform its duties under the Plan (ii) direct that all distributions contemplated by the Plan be made, (iii) prosecute, settle and

enforce any objections or other causes of action on behalf of the estate or (iv) exercise such other powers as may be deemed necessary and proper to implement the Plan.

3. **Claim Objection Deadline.** Unless otherwise ordered by the Bankruptcy Court, only the Debtor shall have standing to file and prosecute an objection to claims. All objections shall be filed and served no later than 90 days after the Effective Date of the Plan in accordance with the applicable provisions of the Code and Bankruptcy Rules.

4. **No Distribution Pending Allowance.** Notwithstanding any other provision of the Plan, no payment or distribution shall be made with respect to any portion of a claim under objections (i.e. a "Disputed Claim") until such Disputed Claim becomes an Allowed Claim by stipulation or order of the Bankruptcy Court. Instead, any monies that would be paid if a Disputed Claim were Allowed shall be retained by the Debtor until such time as the claim is finally Allowed at which time such withheld Cash shall be paid to the holder of such Allowed Claim.

5. **Undeliverable Distributions.** If a distribution to the holder of any Allowed Claim is returned by the recipient of the distribution, then no further distribution shall be made to such creditor. Any undeliverable distribution shall revert to the Debtor. Debtor shall use reasonable efforts to locate holders of Allowed Claims.

## ARTICLE 6

### TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

To the extent the Debtor is a party to an executory contract or unexpired lease which has not otherwise been assumed or rejected prior to the Effective Date; the Confirmation Order shall constitute an Order authorizing the assumption of such executory contract or unexpired lease pursuant to Section 365 of the Code. In the event any lease is to be assumed that is not paid currently, Debtor will as a condition of assumption, cure the lease by making payment of the amounts owed. Any party objecting to the assumption or cure amount shall have until ten days prior to the Confirmation Hearing to oppose such assumption or cure amount. Debtor has no leases and accordingly there are no leases to assume or reject.

# ARTICLE 7

# MISCELLANEOUS PROVISIONS

**1. Orders in Aid of Consummation.** Pursuant to sections 105, 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter one or more Orders in aid of implementation of the Plan.

**2. Compliance with Tax Requirements.** In connection with the Plan, the Debtor shall comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities and distributions under the Plan shall be subject to such withholding and reporting requirements.

**3. Due Authorization by Creditors.** Each and every creditor who accepts a distribution provided for under the Plan warrants that it is the lawful owner of such Claim and is authorized to accept the distribution provided for in the Plan and that there are no outstanding liens, encumbrances, commitments, agreements, or understandings, express or implied that may or can in any way defeat or modify the rights released, conveyed or modified by the Plan, or obligations undertaken by such creditor under the Plan.

**4. Filing of Additional Documents**. Except as otherwise provided in the Plan, on or before the Effective Date, the Debtor may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**5. Section Headings.** The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

**6. Computation of Time.** In computing any period of time prescribed or allowed by the Plan, the provision of Bankruptcy Rule 9006(a) shall apply.

**7. Successors and Assigns.** The rights, benefits and obligations of any entity named

quoted to in the Plan shall be binding, and shall inure to the benefit of, any heir, executor, administrator, and successor or permitted assign of such entity.

      **8. Notices.** All notices and other communications to be given or made hereunder shall be in writing and shall be deemed to have been given or made when mailed or as otherwise set forth herein:

      (a) to the Debtor at: Law Offices of Allen A. Kolber, Esq., 134 Rt. 59, Suffern, NY 10901, Attention Allen A. Kolber, Esq.;

      (b) If to any other creditor at (i) the address set forth on the respective Proofs of Claim filed by such holders; (ii) the addresses set forth in any written notices of address changes delivered to the Debtor after the Effective Date; or (iii) the address reflected in the Bankruptcy Schedules if no Proof of Claim is filed and the Debtor has not received a written notice of a change of address; and

      (c) if to any Entity that has filed a notice of appearance, at the addresses set forth on such notice of appearance.

      **9. Governing Law.** The rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the Bankruptcy Code and Rules and the laws of the State of New York, as applicable.

      **10. Other actions.** Nothing contained herein shall prevent the Debtor from taking such action as may be reasonably necessary to carry out this Plan, although such actions may not specifically be provided for within the Plan.

      **11. Severability.** In the event any provision of the Plan is determined to be unenforceable such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of the Plan.

      12. **Discharge**. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in Section 1141(d)(1)(A) of the Code, except that the Debtor will not be

discharged of any debt: (i) imposed by this Plan (ii) of a kind specified in Section 1141(d)(6)(A) of the Code if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in Section 1141(d)(6)(B) of the Code.

## ARTICLE 8

## RETENTION OF JURISDICTION

1. **Retention of Jurisdiction**. Notwithstanding the entry of the Confirmation Order, the Bankruptcy Court shall retain jurisdiction until the bankruptcy case is closed to perform the following actions:

    (a) Ensure that the Plan is fully consummated;

    (b) Resolve all matters arising under or relating to the Plan, including, without limitation, the enforcement, interpretation.

    (c) Allow, disallow, determine, liquidate or classify, any secured or unsecured claims;

    (d) Grant or deny all applications for allowance of compensation and reimbursement of expenses by the professionals retained in the bankruptcy case;

    (e) Resolve any motions or applications still pending prior to the Effective Date;

    (f) Enter such orders as may be necessary or appropriate to implement or consummate the provision of the Plan and all contracts, deeds, instruments made or created in furtherance of the Plan or to enforce all orders, judgments and rulings entered in connection with the bankruptcy case; and

    (g) Enter a Final Decree concluding the bankruptcy case.

## ARTICLE 9

## CLOSING THE CASE

1. **Bankruptcy Fees.** All fees payable to the Office of the United States Trustee pursuant to 28 USC §1930 and any applicable interest pursuant to 31 USC §3717, shall be paid through the entry of a Final Decree, or conversion or dismissal of the Debtor's bankruptcy case, whichever is earlier.

reports, and schedule such status conferences as may be necessary until the case is closed.

3. **Closing the Case.** Within 14 days following the full administration of the estate, the Debtor shall file, on notice to the United States trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

Dated: New York, NY
July 22, 2019

SKY PARTNERS NYS LLC

/s/ *Abraham Koenig*
    Abraham Koenig

LAW OFFICES OF ALLEN A. KOLBER, ESQ.

By:/s/ *Allen A. Kolber*
    Allen A. Kolber, Esq.